Ckoss, J. In the collection of claims against the estates of deceased persons a claimant may proceed by action according to the forms of the common law, or in the manner prescribed by our statutes on the subject of administration, at his election. If the common law form be adopted it will of course be subject to such qualification as may be imposed by legislative enactment. In the case before us the plaintiffs in error brought debt against the defendant as administrator on a writing obligatory executed by his intestate, but prior to the institution of the suit failed to make an affidavit of the justice and non-payment of the debt or to(produce such affidavit in the prosecution of the action. The transcript of the proceedings filed in the cause shows that the defendant regularly appeared, craved oyer of the writing declared upon and afterwards filed two pleas in his defence which were stricken out by order of the court and the action thereby left wholly undefended. It appears further that at this stage the case being on trial “the defendant gave notice and moved the court” for judgment of non-suit against the plaintiffs upon the ground that no affidavit “of the justice and non-payment of the claim sued on” had been produced, and that such motion was sustained by the court and judgment rendered accordingly, notwithstanding the' writing sued on had in the mean time been read in evidence. The only question presented material to be considered is whether the court below erred in rendering this judgment. By the rules of the common law applicable to the case in the attitude it occupied on the trial, the plaintiffs were clearly entitled to judgment for the want of defence, and without interference with those rules by legislative enactment, the judgment of non-suit was improperly awarded. Sec’s 87, 91 and 92, of Rev. Stat. under the head of administration, are all we think that bear essentially on the subject. The first provides that “Before any executor or administrator shall pay or allow any debt demanded as due from the deceased, founded on any judgment, decree, bond, note, bill or account, the person claiming such debt shall make an affidavit that nothing has been paid or delivered towards the satisfaction of such debt except what is mentioned or credited and that the sum demanded is justly due.” The second, and that which is more directly applicable provides that “ If any affidavit as required by this act for authenticating claims against deceased persons be not produced in an action against an executor or administrator, for a debt against the deceased, the court shall on motion enter judgment of non-suit against the plaintiff; and the affidavit must appear to have been made prior to the commencement of the action.” And the third that “ If suit be brought for any debt due from a deceased person without exhibiting to the executor or administrator an affidavit made pursuant to this act, and if such suit be not controverted the court shall enter judgment against the plaintiff for costs.” From these provisions it is very evident that the affidavit required by the first or 87th section in the summary proceeding authorized in the court of probate, is equally necessary in an action against, an executor or administrator at common law. Section 91 declares that if the affidavit thus required “be not produced” in such action “the court, shall on motion enter judgment of non-suit against the plaintiff,” and further that it “must appear to have been made prior to the commencement of the action.” To avoid therefore the consequence of a non-suit on motion there must not only be a production of the affidavit, but such affidavit must appear to have been made prior to the commencement of the suit. Sec. 92 provides merely for the exhibition of the affidavit to the executor or administrator before the suit is brought, and in case of failure imposes the penalty of costs upon the plaintiff. It certainly does not necessarily conflict •with the provisions of section 91. The object of its enactment was doubtless in part at least to afford the executor or administrator an opportunity of relieving the estate from the expense of a suit by the allowance and payment of the debt if known to be just. The common law form for the collection of the claim having been adopted in this case it was subject to the operation of the statutory provisions referred to, and we entertain no doubt but that the court was bound to enter the judgment of non-suit on'the defendant’s motion as the affidavit required was neither produced or offered to be produced. There is no stage of the action designated for its production, or for making the motion, and in either case it would be sufficient in our opinion at any time prior to final judgment. Entertaining these views the judgment of the circuit court must be affirmed with costs.